IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LUIS O. ROLDAN-URBINA**,
    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,
    Defendant.

Civil No. 18-1544 (BJM)

## OPINION & ORDER

Plaintiff Luis O. Roldan-Urbina ("Roldan") filed the present case challenging the Commissioner of the Social Security Administration's ("Commissioner's") denial of his petition for Social Security disability insurance benefits. Docket No. ("Dkt.") 3. In due course, the Commissioner filed a consent motion to remand pursuant to sentence four of 42 U.S.C. § 405(g), requesting that the court reverse and vacate the agency's termination of benefits in accord with 42 U.S.C. § 405(u) and that Roldan's benefits be reinstated retroactive to the date of termination. Dkt. 32. The parties having consented to proceed before me, Dkts. 4, 6, 7, I granted the motion and reinstated Roldan's benefits retroactive to the date of termination. Dkt. 35. Judgment in the case was entered on February 27, 2020. Dkt. 37.

On April 16, 2020, Roldan's counsel, Pedro G. Cruz Sanchez ("Cruz"), filed a motion for attorney fees in the amount of $4,180.25 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 38. I granted the motion for attorney fees accordingly. Dkt. 42. However, Cruz only received $45.25, as $4,135.00 was garnished from the fees owed to Cruz in order to pay off outstanding child support obligations owed by Roldan. Dkt. 44 at 5.

Over a year later, on June 17, 2021, Cruz filed a motion for attorney's fees in the amount of $7,198.00 pursuant to 406(b) of the Social Security Act. *Id*. at 1. The Commissioner filed an

Case 3:18-cv-01544-BJM   Document 53   Filed 01/04/22   Page 2 of 8

*Roldan-Urbina v. Comm'r of Soc. Sec.*, Civil. No. 18-1544 (BJM)                                    2

informative motion in response, though the Commissioner does not formally oppose Cruz's motion. Dkt. 48. For the reasons explained below, Cruz's motion for attorney fees pursuant to 406(b) is **GRANTED**.

## APPLICABLE LEGAL STANDARDS

In Social Security cases, attorney fees can be obtained pursuant to the EAJA or the Social Security Act, 42 U.S.C. § 406. Fee awards may be made under both the EAJA and § 406, but if fees are awarded under both, the attorney claiming the award must refund the lesser award to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412.

Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." § 2412(d)(1)(A); *see also Gisbrecht*, 535 U.S. at 796. EAJA fees are determined not by a percent of the amount recovered, but by the "time expended" and the attorney's "[hourly] rate," § 2412(d)(1)(B), which is capped at $125 per hour. § 2412(d)(2)(A). *See Gerardo Dieppa-Velázquez v. Comm'r of Soc. Sec.*, 19-CV-1574 (CVR) (D.P.R., May 25, 2021).

However, as noted above, a reasonable fee may be awarded to an attorney who successfully represented a claimant in federal court under 42 U.S.C. § 406(b)(1)(A). When a court renders judgment favorable to a Social Security claimant who has legal representation, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike the EAJA, however, 406(b) does not authorize the prevailing party to recover fees from the losing party. Instead, 406(b) authorizes fees payable from the successful party's recovery. *Gisbrecht*, 535 U.S. at 795.

Case 3:18-cv-01544-BJM   Document 53   Filed 01/04/22   Page 3 of 8

*Roldan-Urbina v. Comm'r of Soc. Sec.*, Civil. No. 18-1544 (BJM)                                                                 3

The Commissioner has interpreted 406(b) to "prohibi[t] a lawyer from charging fees when there is no award of back benefits." *Id*. A court may award fees under 406(b) when, for example, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006). However, 406(b) is not meant to permit counsel to request inordinate or unreasonable fees under the guise of a contingency fee agreement. 406(b) calls for court review of contingent fee arrangements between claimants and counsel to assure that they yield reasonable results. Agreements are also de facto unenforceable if they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A). Even within the 25 percent boundary, plaintiff's counsel must show that the fee sought is reasonable given the services rendered. *Id*. Courts must ensure that fees are reasonable even if they are less than 25% of the past-due benefits, as there is no presumption that 25% is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17.

In determining a reasonable fee, a court should look first to the contingent fee arrangement, then test for reasonableness "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. The claimant's attorney can also be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

Case 3:18-cv-01544-BJM   Document 53   Filed 01/04/22   Page 4 of 8

*Roldan-Urbina v. Comm'r of Soc. Sec.*, Civil. No. 18-1544 (BJM)                                    4

The statute does not specify a deadline for requesting fees. District of Puerto Rico Local Rule 54(b) states that "An application for attorneys' fees in those cases for which fees have been contracted . . . shall be filed within fourteen (14) days of the expiration of the time for filing a timely appeal."[1] *See also In Re: Adoption of Local Rules*, 03-MC-115, Dkt. 63-1 (proposed District of Puerto Rico Local Civil Rule 9, which states at (d)(2) that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have fourteen (14) days after counsel's receipt of the original, amended, or corrected Notice of Award, whichever is latest, to file its request for attorney's fees"); *id*. at Dkt. 70 (the Social Security Administration recommending in light of public comments that the deadline in (d)(2) be changed to 30 days). However, Local Rule 1(a) provides that "[t]he Court may modify [the local] rules in exceptional circumstances or when justice so requires."

## DISCUSSION

The fee agreement between Roldan and Cruz provides for Cruz to receive up to 25 percent of Roldan's past-due benefits. Dkt. 44-1.

The award notice (termed the Notice of Award, or "NOA") sent by the agency that advised Roldan of his past-due benefits and the amount withheld to pay attorney's fees was dated April 19, 2021. Dkt. 44-3. The NOA was sent to Roldan and to Felix M. Camacho Ayala ("Camacho"), Roldan's representative at the administrative level. *Id*. However, Cruz claims that unlike Roldan and Camacho, he did not receive the NOA; he presumes that because he did not represent the plaintiff during the administrative proceedings, he did not receive a NOA or "close out letter" from the Commissioner or from the SSA. Dkt. 44 at 2. Cruz avers that he filed the present motion only a day after first receiving financial information regarding Roldan from Camacho, Cruz's former

---

[1] *But see, e.g.*, *Rodríguez v. Comm'r of Soc. Sec.*, 18-CV-1618 (CVR) (D.P.R. June 1, 2021) ("No . . . Local Rule directly addressing fees in Social Security cases exists in [the District of Puerto Rico]"). Nonetheless, while it is true that no local rule *directly* mentions Social Security attorney fees, it is unclear why Local Rule 54 would not apply.

Case 3:18-cv-01544-BJM   Document 53   Filed 01/04/22   Page 5 of 8

*Roldan-Urbina v. Comm'r of Soc. Sec.*, Civil. No. 18-1544 (BJM)                                    5

representative. *Id*. Cruz thus claims that his fee petition is timely, as he filed on June 17, 2021 before receiving notice from the SSA regarding Roldan's past-due benefits and only a day after receiving relevant information about Roldan's situation from another source.

The NOA was issued on April 19, 2021, while the 406(b) petition was filed almost two months later on June 17, 2021. This appears to run afoul of District of Puerto Rico Local Rule 54(b), which requires that an application for attorney fees be filed within fourteen days of the expiration of the time for filing an appeal. Although Cruz did previously file for EAJA attorney fees, he did not similarly file the 406(b) petition in timely fashion. Despite the petition being untimely on its face, however, I find in accordance with Local Rule 1(b) that justice requires me to recognize there is good justification for the delay in Cruz making his motion for fees pursuant to 406(b). Cruz says that he was not personally provided with the NOA because it was sent to Roldan and Camacho but not to him; Cruz also notes that he was never otherwise notified of the plaintiff's past due benefits. Cruz claims that he quickly moved to file the 406(b) petition once he was made aware of the NOA. Under the circumstances he alleges, I find that the 406(b) petition was timely filed. *See, e.g.*, *Falcon v. Comm'r of Soc. Sec.*, 19-CV-1914 (MDM), Dkt. 32 at 5-6 (D.P.R. Oct. 6, 2021) (finding that since counsel was apparently not informed regarding the relevant NOA, his 406(b) petition was timely filed even though he filed it over seven months after the NOA was issued).

I next turn to the reasonableness of the fees requested. Cruz maintains that his request for $7,198.00 is proper in part because it would not exceed the statutory cap of 25% of Roldan's past-due benefits. Counsel also claims that his request is proper because of the contingent nature of his representation of Roldan and the fact that the contract between himself and Roldan provides that he may seek up to 25% of the past due benefits awarded to Roldan. Finally, Cruz maintains that

Case 3:18-cv-01544-BJM   Document 53   Filed 01/04/22   Page 6 of 8

*Roldan-Urbina v. Comm'r of Soc. Sec.*, Civil. No. 18-1544 (BJM)                                                          6

his request is reasonable because the case was resolved in favor of his client and the requested fee award is not unjust.

It is up to the courts to determine whether a fee amount requested pursuant to 406(b) is reasonable. *See Gisbrecht*, 535 U.S. at 807. When determining if a fee is reasonable, courts should first look to the contingent fee arrangement, then test for reasonableness based on the character of the representation and the results the representative achieved. *Id*. at 808. Cruz states that he spent a total of 20.5 hours working on Roldan's case at the district court level, which is not a large amount of time. The Commissioner points out that Cruz's 406(b) fee petition amounts to a *de facto* rate of approximately $351.12 per hour, or $7,198.00 divided by the 20.5 hours Cruz expended on the case at the federal level.

If the *de facto* hourly rate were the only relevant consideration in the present matter, I might be inclined to find that the amount requested is somewhat excessive. However, I must also weigh other relevant factors. For example, as Cruz claims, the fee amount requested by Cruz ($7,198.00) complies with the statutory cap because it is not greater than 25% of Roldan's past-due benefits. In fact, the fee sought by Cruz constitutes much less than 25% of the past-due benefits. According to the NOA, the plaintiff's past due benefits total $49,126.00, from which $12,281.50 was withheld by the SSA for payment of attorney's fees. Based on the above figures, the $7,198.00 fee sought by Cruz for representation in federal court amounts to approximately 14.65% of plaintiff's past due benefits, or substantially less than the contractually agreed-upon 25% of past due benefits. As the Commissioner notes, there is no indication that counsel's conduct was improper or that his representation was substandard; there is also no indication that the terms of the contingent fee agreement reached by Cruz and Roldan were unreasonable, and it provides for Cruz to receive up to 25% of Roldan's past-due benefits.

Case 3:18-cv-01544-BJM   Document 53   Filed 01/04/22   Page 7 of 8

*Roldan-Urbina v. Comm'r of Soc. Sec.*, Civil. No. 18-1544 (BJM)                                                          7

Though courts have the duty to serve as an independent check regarding the reasonableness of fees requested pursuant to 406(b), this duty must be balanced against a client and his attorney's free and willful decision to enter into a contingency-fee agreement and their right to have that agreement upheld. *See Falcon*, 19-CV-1914, Dkt. 32 at 8. Additionally, it has been clearly established that a fee should not be reduced unless it is "inordinately large." *See, e.g.*, *Gisbrecht*, 535 U.S. at 806-07. The fee requested by Cruz is not inordinately large, and as a result, I grant Cruz's request for the full $7,198.00 for 20.5 hours of work. *See Falcon*, 19-CV-1914, Dkt. 32 (granting an award of a similar percentage of a party's past-due benefits pursuant to 406(b) under similar circumstances); *Pagan-Torres v. Comm'r of Soc. Sec.*, 18-CV-1921 (MDM), Dkt. 42 (granting an award of $5,111.00 in attorney fees for 8.3 hours of billable work despite denying the attorney's full claim of $11,000.00 as excessive).

Finally, regarding Cruz's obligation to refund the fees he has already received, Cruz must refund $45.25 (but no more) to Roldan. Roldan's child support debts were properly garnished from the original attorney fee payment to Cruz. *See, e.g.*, *Astrue v. Ratliff*, 560 U.S. 586 (2010); *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008). However, the funds that were garnished are not subject to refund because they were garnished to pay Roldan's federal debt. *See, e.g.*, *Michael H. v. Saul*, 2:17-CV-00447 (JAW), 2020 WL 2060339, at *1 (D. Me. Apr. 29, 2020) (only requiring counsel to remit the amount actually paid and not requiring counsel to refund a part of the fee that had been withheld for child support); *Raney v. Colvin*, CIV-10-399 (FHS/SPS), 2015 WL 588829, at *2 n.2 (E.D. Okla. Feb. 11, 2015) (citing *Garnett v. Astrue*, 2009 WL 93063 (M.D. Fla. 2009) as standing for the proposition that EAJA fees are "not subject to refund when they are garnished to pay [a] claimant's federal debt"). As a result, Cruz is not required to refund the full $4,180.25 that he was previously awarded, only the $45.25 that he actually received.

*Roldan-Urbina v. Comm'r of Soc. Sec.*, Civil. No. 18-1544 (BJM)                                                                8

## CONCLUSION

For the foregoing reasons, Cruz's petition for attorney fees under 406(b) is **GRANTED** and payment of $7,198.00 in attorney fees to Cruz is authorized. Cruz is ordered to refund Roldan $45.25 in fees previously awarded to Cruz and subsequently paid to him pursuant to the EAJA; payment should be made within seven days of receipt of the 406(b) fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of January 2022.

*s/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge